### J. ARON & CO. v. UNITED STATES LLOYDS.

(District Court, S. D. New York. June 24, 1921.)

**Insurance ☞475—Marine contract held not valued policy.**

In a contract of marine insurance on a particular cargo for a particular voyage, effected by a binder, incorporating by reference the New York lighterage form, the insertion of the words "valued at sum insured" *held* not to change the normal character of the policy as a contract of indemnity under which the insured in case of loss is entitled to recover only the actual value of the property lost.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Admiralty. Suit by J. Aron & Co. against the United States Lloyds. Decree for libelant.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (Frank A. Bernero, of New York City, of counsel), for libelant.

Pierre M. Brown, of New York City, for respondent.

LEARNED HAND, District Judge. The sole contract which must be considered is the binder, that being the only paper which was executed before the loss, an event that finally fixed the rights of the parties. That by reference incorporated the New York lighterage form and so the two papers must be read together. Taken alone, the lighterage form is unambiguous enough; it provides clearly for an indemnity agreement and nothing else. The binder was in part in writing, especially the words, "sum insured," and the whole phrase, "valued at sum insured," would, therefore, take precedence over anything inconsistent with it in the New York lighterage form, though its meaning must, of course, be learned before the two can be compared. The libelant must maintain either that of itself the phrase is equivalent to a provision agreeing that the assurer pay the face of the policy as the liquidated value of the goods, or that custom has given it that meaning.

The evidence, which really does not amount to proof of any custom either way, appears to me to be negligible. At most it goes no further than to show that the assured had accepted similar binders before. Since no losses have occurred, the point has never been in dispute, and the prior usage between the parties amounts to nothing. I think I am driven, therefore, to an interpretation of the words merely as they stand, and without any collateral assistance. I do not forget that between the assurer and other parties losses have been settled on the basis of indemnity, but that cannot affect the rights of the assured, for the proof is not enough, as I have said to make it a custom.

It is the practice in foreign hull insurance to take out true valued policies, but no such practice exists in domestic insurance either on hull or cargo. When the parties do take out such insurance, if the valuation be not fraudulent, both sides are bound. The St. Johns (D. C.) 101 Fed. 469. If in the case at bar no effect could be given the phrase except that contended for, I should say that the learned commissioner was right. That is not, however, the case. If the insurance had been in fact for less than the true value, the phrase would secure the whole insurance to the assured; the assurer could not maintain that the assured was a coinsurer for the difference between actual and insured value. That gives an important meaning in the assured's favor, and is not inconsistent with the New York lighterage form incorporated by reference; rather it fulfilled one of the conditions of that policy.

When, however, the libelant seeks to go further and change the policy from its express, and usual, meaning—i. e., as a contract of indemnity, to a contract to pay a fixed sum in the event of loss—it seems to me that the language ought to be clearer. Perhaps less would be required in the absence of so plain a provision as is in the lighterage form, but I ought to reconcile the two papers so far as I can, and not

to nullify one by uncertain language in the other. The case is not one, moreover, in which the policy was over a period of time covering a number of voyages where the amount could not be known in advance, and where a valued policy was nearly a necessity. N. Y. & Cuba Mail S. S. Co. v. Royal, etc., Co., 154 Fed. 315, 83 C. C. A. 235. The binder was upon this cargo only for this particular voyage, though its duration was uncertain.

Finally, although I do not forget that implications are to be taken against the assurer, I ought also to remember that the assured drew up the binder. The New York lighterage form was clear enough; it was the words added by the assured which do not clearly nullify the language of the policy proper. While the question is indeed open to doubt, and res integra, so far as I have found, I think that the papers can best be reconciled (and I may add the probable "intent" of the parties best satisfied, had they been faced with the question) by holding that the phrase referred to the coinsurance clause in the policy, and did not change the normal, and expressly agreed, character of the policy as a contract of indemnity.

A decree will be entered for the actual value of the loss, with interest.